UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 8/20/2026

United States of America

v.

Howard Moore,

*Defendant.*

26-cv-5205 (LAK)

[25-cr-0168 (LAK)]

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS Howard Moore (the "defendant") has filed a petition pursuant to 28 U.S.C. § 2255 based on allegations of ineffective assistance of counsel (ECF No. 65); and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of the defendant's former counsel, Raymond Gazer, Esq., ("Former Counsel") will be needed to allow the Government to respond to the petition; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Former Counsel is needed to allow the Government to respond to the motion; and

WHEREAS by filing the petition, the defendant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order, ethical concerns may inhibit Former Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*,

IT IS HEREBY ORDERED that Mr. Gazer shall give sworn testimony, in the form of an affidavit or affirmation, addressing the allegations of ineffective assistance of counsel made by the defendant; and it is further

ORDERED that the defendant shall execute and return to this court within ten days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form; and it is further

ORDERED that the Government shall be permitted fourteen days from the receipt of said executed "Attorney-Client Privilege Waiver (Informed Consent)" form to file its opposition and any additional supporting papers with this Court; and it is further

ORDERED that the defendant shall be permitted fourteen days from the filing of the government's opposition to submit any reply papers in support of his motion; and it is further

ORDERED that the Clerk of the Court is directed to mail a copy of this order and the accompanying consent form to the defendant.

Dated: August 20, 2026

HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Howard Moore,

*Defendant.*

26-cv-5205 (LAK)
[25-cr-0168 (LAK)]

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Defendant Howard Moore

You have filed a motion pursuant to 28 U.S.C. § 2255 to have your conviction vacated on the ground that you received ineffective assistance from your former lawyer, Raymond Gazer, Esq. (referred to in this form as "your former attorney"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affirmation or affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your petition to vacate your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court. The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you. However, you should also know that the Court may deny your motion if you do not authorize your former attorney to give an affirmation or affidavit in response to the Court's attached Order.

You must return this form, signed by you, within ten (10) days from the date of the Court's Order directing your former lawyer to give testimony. If the Court does not receive this form, signed by you, within that time, the Court may deny your motion.

AUTHORIZATION

I have read the Court's Order dated August 20, 2026, and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Raymond Gazer, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: ________________________

Signed:________________________